**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| GLOBALFOUNDRIES U.S. INC.,<br><br>Plaintiff<br><br>v.<br><br>TOWER SEMICONDUCTOR LTD., TOWER PARTNERS SEMICONDUCTOR CO. LTD., TOWER SEMICONDUCTOR ITALY S.R.L., TOWER US HOLDINGS INC., TOWER SEMICONDUCTOR NPB HOLDINGS INC., TOWER SEMICONDUCTOR NEWPORT BEACH INC., AND TOWER SEMICONDUCTOR SAN ANTONIO INC.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 7:26-cv-00109-DC-DTG |

**DEFENDANTS' UNOPPOSED MOTION TO STAY ACTION**
**PURSUANT TO 28 U.S.C. § 1659**
**PENDING PARALLEL ITC INVESTIGATION**

Defendants Tower Semiconductor Ltd.; Tower Partners Semiconductor Co. Ltd.; Tower Semiconductor Italy S.r.l.; Tower US Holdings Inc.; Tower Semiconductor NPB Holdings Inc.; Tower Semiconductor Newport Beach Inc.; and Tower Semiconductor San Antonio Inc. (collectively "Defendants" or "Tower") respectfully move the Court, pursuant to 28 U.S.C. § 1659 and the Court's inherent power to control its docket, to stay this action until determination of the United States International Trade Commission ("ITC") in a parallel proceeding becomes final, including any appeals. The pending parallel proceeding is *Certain Semiconductor Devices, Products Containing Same, and Components Thereof*, Inv. No. 337-TA-1500 ("the ITC investigation"). Plaintiff GlobalFoundries U.S. Inc. ("GlobalFoundries") does not oppose Tower's motion.

On March 26, 2026, GlobalFoundries filed a complaint in the present action against Tower alleging infringement of U.S. Patent Nos. 8,330,235 ("'235 patent"); 8,507,983 ("'983 patent"); 9,093,425 ("'425 patent"); 9,865,546 ("'546 patent"); 10,062,748 ("'748 patent"); and 10,707,167 ("'167 patent"). On the same day, GlobalFoundries filed a complaint in the ITC asserting the same six patents against Tower. The ITC investigation was instituted on April 28, 2026. Lauppe Decl., Ex. 1.

According to 28 U.S.C. § 1659, a district court "shall" stay an action pending an ITC investigation when three conditions are met: (1) the district court action involves parties that are also parties to the ITC investigation; (2) the district court action involves the same issues involved in the ITC investigation; and (3) the request for a stay is made within 30 days of the ITC's institution of an investigation or after the district court action is filed, whichever is later. 28 U.S.C. § 1659. A stay issued under this statute remains in effect during any appeals. *In re Princo Corp.*, 478 F.3d 1345, 1355 (Fed. Cir. 2007) (stay in effect "until the Commission proceedings are no longer subject to judicial review").

Pursuant to 28 U.S.C. § 1659 and the inherent power of the Court to manage its docket, Tower requests that the Court stay this action until the determination of the ITC investigation becomes final, including any appeals. All three conditions for a stay under 28 U.S.C. § 1659 are met in the present action.

*First*, the present action involves parties that are also parties to the ITC investigation. All parties to the present action are parties to the parallel ITC investigation.

*Second*, the present action involves the same issues involved in the ITC investigation. GlobalFoundries asserts the same six patents against Tower in this action and the ITC investigation. Further, GlobalFoundries accuses the same products in this action and the ITC

investigation. *See, e.g.*, Dkt. 1, ¶¶ 72, 88, 105, 127, 152, 169; Lauppe Decl., Ex. 2 (ITC complaint), ¶¶ 6.3, 6.5, 6.7, 6.9, 6.11, 6.13.

*Third*, Tower made this request for a stay within 30 days of institution of the ITC investigation. Lauppe Decl., Ex. 1 (instituting the ITC investigation on April 28, 2026).

For the foregoing reasons, Tower respectfully requests that the Court enter the attached proposed order and stay all proceedings in this action until the determination of the ITC investigation becomes final, including any appeals.

Dated: May 15, 2026

Respectfully Submitted,

*/s/ Deron R. Dacus*

Deron Dacus
Texas Bar No. 00790553
THE DACUS FIRM
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Email: ddacus@dacusfirm.com

Stephen R. Smith (*pro hac vice* pending)
Phillip Morton (*pro hac vice* pending)
Patrick Lauppe (*pro hac vice* pending)
**COOLEY LLP**
1299 Pennsylvania Avenue NW
Suite 700
Washington, DC 20004-2400
Telephone: +1 202 842 7800
Facsimile: +1 202 842 7899

Tower_WDTX@cooley.com

*Attorneys for Defendants*

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that Defendants' counsel conferred with Plaintiff's counsel prior to filing the foregoing Motion and confirmed that Plaintiff does not oppose the requested relief.

*/s/ Stephen R. Smith*
Stephen R. Smith

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on May 15, 2026, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Deron R. Dacus*
Deron R. Dacus