**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **GLOBALFOUNDRIES U.S. INC.,** | § | |
| ***Plaintiff,*** | § | |
| | § | |
| ***v.*** | § | **CASE NO. 7:26-CV-00109-DC-DTG** |
| | § | |
| **TOWER SEMICONDUCTOR LTD., et al.,** | § | |
| | § | |
| ***Defendants,*** | § | |

**ORDER**

On this day the Court considered the above-styled and numbered cause. The Court previously stayed this action pending the determination of the United States International Trade Commission proceeding titled *Certain Semiconductor Devices, Products Containing Same, and Components Thereof,* Inv. No. 337-TA-1500. See Dkt. No. 22.

In light of the stay, and for administrative purposes only, the Clerk of Court is directed to **ADMINISTRATIVELY CLOSE** this case.[1] This administrative closure is not a dismissal or final adjudication and does not affect the stayed status of this action.

All provisions of the Court's prior stay order remain in full force and effect, including the requirement to submit a joint status report every six (6) months and a motion for status conference within ten (10) calendar days of a final determination in 337-TA-1500.

It is so **ORDERED**.

---

[1] *See Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2014) ("District courts frequently make use of this device to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending). The effect of an administrative closure is no different from a simple stay. . . .").

**SIGNED** this 25th day of June, 2026.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE